NORTH *vs.* JOHNSON.

*Rutland,*
July adj'd
term, 1797.

The condition of an arbitration bond in the following words—" Now if the said L J. shall make his appearance before said arbitrators by himself or attorney, on the day aforesaid, and shall fully pay and discharge all such sums of money as said arbitrators shall award." contains two independent stipulations: first, that the obligor shall appear before the arbitrators—and secondly, that he will pay such sum as shall be awarded against him. And the appearance of the said L J. being in its nature precedent to an award, a plea of no award is insufficient.

THIS was an action of debt on bond in the penal sum of £150, dated November 2, 1792. On Oyer the condition was set forth in substance as follows:—Whereas certain matters of dispute and controversy have existed between us, we have referred them to the arbitrament and final determination of A. B. and C. to be heard at ———— on the third Tuesday of July next, or such other day as the arbitrators shall appoint. Now if the said L. J. shall make his appearance before said arbitrators by himself or attorney, on the day aforesaid, or such other day as the arbitrators shall appoint, and shall well and truly pay and discharge all such sum or sums of money as such arbitrators shall award, then said bond to be void, &c.

Plea—*No Award.*

To which the plaintiff demurred.

*D. Chipman,* in support of the demurrer, contended that the plea did not cover the condition of the bond—that the condition of the bond consisted of two parts : first, that Johnson should appear before the arbitrators by himself or attorney—and secondly, that he should pay such sum as said arbitrators should award. That the defendant should appear before the arbitrators by himself or attorney was a condition lawful and possible, and in its nature and order precedent to an award : This part of the condition therefore should have been answered.

*Cephas Smith* for defendant. This is an arbitration-bond, tho' differing in some respects from the common form. Arbitration bonds do not bind from the delivery, but from the award made ; or rather are voidable, if no award be made. The arbitrators in this case had sufficient authority to proceed to make an award exparte, if Johnson did not appear by himself or attorney. His appearance

*Rutland,*
July adj'd
term, 1797.

North
*vs.*
Johnson.

therefore is not in the nature of a condition precedent on his part; and as it does not appear by the pleadings that any award has been made, the plea of no award is a bar to the plaintiff's action.

*By the Court.* The defendant has stipulated to perform two things on his part, a failure in either of which is a forfeiture of the bond—one is, that he should appear by himself or attorney before the arbitrators; the other is, that he should pay such sum as should be awarded against him.

The appearance of the defendant before the arbitrators, is, as has been justly observed, in its nature and its order, antecedent to the making of an award.—It was a thing lawful and possible, which the parties had a right to make a condition.

There are cases in which the defendant may plead performance or in avoidance generally : in such case the plaintiff must in his replication set forth a breach. To a plea of no award the plaintiff may reply an award and set forth a breach in the non-performance; but the plea of no award is not a plea of performance, but in avoidance—there being nothing laid upon him to perform. Now where a defendant would excuse himself or avoid the charge contained in the declaration, his plea must answer all the allegations contained in the declaration, as fully as in a plea of performance.

It is true that the arbitrators might be authorized to proceed and make an award *ex parte,* or they might be restrained by the submission. This does not affect the present question. Had the plaintiff replied to the defendant's plea, and instead of sitting forth an award and a breach in a non-performance on the part of the defendant, had plead the non-appearance of Johnson, it would not have been an answer to the plea ; it certainly would not, if as insisted by the defendant's counsel, the arbitrators might have proceeded *ex parte.* The defendant therefore should have averred a performance of that part of the condition the performance of which is not excused or avoided.

Judgment for the plaintiff.